IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FELIX RAMIREZ,

                Plaintiff,

v.

WISCONSIN MASONS WELFARE FUND,
DAVID BOHL, JASON MATTILA, MATT QUASIUS,      OPINION and ORDER
DEAN BASTEN, JERRY SHEA, LARRY RASCH,
JOHN TOPP, JEFF STAVER, BARRY SCHOLZ,           21-cv-101-jdp
DAVID HAHN, JIM VICK, WYNN JONES,
MIKE HYATT, WILLIAM BONLENDER,
JEFF LECKWEE, ANDY REED, PATRICK MCCABE,
and TOBIN BOYLE,

                Defendants.

---

Plaintiff Felix Ramirez has moved for leave to conduct discovery in this ERISA lawsuit.[1] Dkt. 32. Ramirez is the business agent of Local 599 of the Operative Plasterers and Cement Masons International Association. He is also a trustee of, and a participant in, defendant Wisconsin Masons Welfare Fund, a multiemployer health and welfare plan; the other defendants are the fund's other trustees. Ramirez contends that the fund's trustees refused to allow Local 599 to withdraw from participation in the fund and refused to transfer Local 599's portion of the fund's assets into a different fund. Ramirez brings claims under 29 U.S.C. § 1132(a), asking the court to order defendants to transfer fund assets into Local 599's new fund in accordance with the fund's trust agreement. Dkt. 1.

---

[1] Although the court did not request a reply brief, Ramirez filed a reply without first seeking leave to do so. Dkt. 37. The court did not consider this brief in deciding Ramirez's motion.

The typical ERISA case brought under § 1132(a) involves a plan administrator's denial of benefits. Discovery is generally not allowed in these cases; they are typically conducted solely on a review of the administrative record to determine whether the denial of benefits was arbitrary and capricious. *See, e.g.*, *Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 981–82 (7th Cir. 1999). But Ramirez's claims don't concern a denial of benefits. Count 1 arises under § 1132(a)(1)(B), which allows a participant "to enforce his rights under the terms of the plan," and § 1132(a)(3)(A), which allows a participant or fiduciary "to enjoin any act or practice which violates any provision of . . . the terms of the plan." This count involves Ramirez's contention that defendants wrongfully refused to "equitably apportion[]" fund assets for the benefit of Local 599's members as required by the trust agreement, Dkt. 1-1, § 9.12. Count 2 arises under § 1132(a)(2), which creates a cause of action against a plan fiduciary who breaches his or her fiduciary duties. Ramirez contends that the trustees breached their fiduciary duties by refusing to equitably apportion fund assets and by refusing to follow the trust agreement's procedures for resolving deadlocks.

Defendants contend that the court's review should be limited to the administrative record as in a typical case brought under § 1132(a), which would preclude discovery. But as Ramirez notes, there isn't a traditional administrative record in this case—that is, a body of evidence that a plan administrator considered before denying a claim for benefits. Records of the trustees' meetings may reveal what information the trustees considered before denying Local 599's request for equitable apportionment. But the court will likely have to go beyond those records to evaluate Ramirez's claims. For example, the court will likely need to consider how the fund has apportioned assets when other participating local unions have withdrawn from participation. And it will likely need to review the fund's financial records to determine

what would constitute equitable apportionment in this case. It makes sense to allow discovery to develop the evidence that the court will need.

Defendants ask the court to apply the standard articulated in *Semien v. Life Insurance Company of North America*, 436 F.3d 805 (7th Cir. 2006), which involved the denial of an ERISA plan participant's claim for benefits. In that case, the court noted that although denials of benefits are usually reviewed under an "arbitrary and capricious" standard, a reviewing court must also consider whether the plan administrator or fiduciary has a conflict of interest. *Id.* at 814. If so, limited discovery may be "appropriate to ensure that plan administrators have not acted arbitrarily and that conflicts of interest have not contributed to an unjustifiable denial of benefits." 436 F.3d at 814–15. The court said that a plaintiff seeking discovery regarding a denial of benefits must show two things: (1) "a specific conflict of interest"; and (2) "a prima facie showing that there is good cause to believe limited discovery will reveal a procedural defect in the plan administrator's determination." *Id.* at 815.

The court of appeals has since qualified *Semien*. In *Dennison v. MONY Life Ret. Income Sec. Plan for Emps.*, the court said that *Metropolitan Life Insurance Company v. Glenn*, 554 U.S. 105 (2008), and subsequent opinions applying that case suggested that *Semien*'s standard had been "soften[ed]," although not rejected. 710 F.3d 741, 747 (7th Cir. 2013). The court acknowledged that discovery might be required "to identify a specific conflict of interest or instance of misconduct, a task of identification that in *Semien* we said was a prerequisite to discovery, not a goal of discovery." *Id.* (internal quotation marks omitted). The court stressed that "the decisive consideration" is "the *likelihood* that the conflict of interest influenced the decision [of the plan administrator]." *Id.* (emphasis and alteration in original).

3

As discussed above, the court is persuaded that Ramirez's claims require a different approach to discovery than a typical claim for benefits. But even assuming that the standard articulated in *Semien* and clarified in *Dennison* applies, Ramirez would still be entitled to discovery. He has identified a clear conflict of interest: every dollar that defendants did not deposit into Local 599's new fund is a dollar that remained in the fund for the benefit of the fund's remaining participants. And he has plausibly explained why discovery is needed to explore that conflict and determine what role it may have played in the trustees' decision. The court will grant his motion.

ORDER

IT IS ORDERED that plaintiff Felix Ramirez's motion for leave to commence discovery, Dkt. 32, is GRANTED.

Entered June 21, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge