UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FELIX RAMIREZ,

    Plaintiff,

v.

Case No.:  21-CV-101

WISCONSIN MASONS WELFARE FUND,
and ITS TRUSTEES DAVID BOHL, JASON
MATTILA, MATT QUASIUS, DEAN
BASTEN, JERRY SHEA, LARRY RASCH,
JOHN TOPP, JEFF STAVER, BARRY
SCHOLZ, DAVID HAHN, JIM VICK, WYNN
JONES, MIKE HYATT, WILLIAM
BONLENDER, JEFF LECKWEE, ANDY
REED, PATRICK MCCABE, and TOBIN
BOYLE,

    Defendants.

## JOINT STIPULATED PROTECTIVE ORDER

    Based on the Stipulation of the Parties and the factual representations set forth therein, the Court finds that exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

    Pursuant to Federal Rules of Civil Procedure Rule 26(c)(1)(D) and Civil Local Rule 26(e), the Court finds good cause shown:

1.   **DESIGNATION OF CONFIDENTIAL INFORMATION**. Designation of information under this Order must be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the words "CONFIDENTIAL".

    A.   One who produces information, documents, or other material may designate them as "CONFIDENTIAL" when the person in good faith believes they contain trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information.

B. Except for information, documents, or other materials produced for inspection at the party's facilities, the designation of confidential information as CONFIDENTIAL must be made prior to, or contemporaneously with, their production or disclosure. In the event that information, documents or other materials are produced for inspection at the party's facilities, such information, documents, or other materials may be produced for inspection before being marked confidential. Once specific information, documents, or other materials have been designated for copying, any information, documents, or other materials containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated them. There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and marked confidential pursuant to this procedure.

C. Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives will be deemed confidential only if designated as such when the deposition is taken or within 30 days of receipt of the deposition transcript.

D. If a party inadvertently produces information, documents, or other material containing CONFIDENTIAL information without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within 10 days of the discovery of the inadvertent production, identifying the information, document or other material in question and of the corrected confidential designation.

2. **DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION.** Information, documents, or other material designated as CONFIDENTIAL under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph 2.A. below for any purposes whatsoever other than preparing for and conducting the litigation in which the information, documents, or other material were disclosed (including appeals).

A. **CONFIDENTIAL INFORMATION.** The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents or other material designated as "CONFIDENTIAL" by any other party or third party under this Order, except that disclosures may be made in the following circumstances:

i. Disclosure may be made to employees of counsel for the parties. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence;

ii. Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information, documents or other material;

iii. Disclosure may be made to Officers, Agents and employees of Local 599 of the Operative Plasterers and Cement Masons International Association. Any such Officer, Agent or employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence;

iv. The parties disagree over whether Plaintiff may make disclosure of Confidential materials to employees of the BAC International Health Fund. If Plaintiff determines that assistance from BAC International Health Fund is necessary or appropriate to assist with the litigation or evaluate settlement options, Plaintiff will first disclose to Defendants' counsel the name of the individuals and the specific documents to be reviewed, and Defendants' consent to such disclosure shall not be unreasonably withheld. If the parties are unable to agree on such disclosures after meeting and conferring consistent with Section 4 below, either party may seek appropriate relief from the Court. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence;

v. Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order;

vi. Disclosure may be made to consultants, accountants, investigators, other professional service providers or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence

vii. Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff; or

viii. Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL information.

3. **MAINTENANCE OF CONFIDENTIALITY.** Except as provided in subparagraph 2., counsel for the parties must keep all information, documents, or other material designated as confidential that are received under this Order secure within their exclusive possession and must place such information, documents, or other material in a secure area.

   A. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this Order, or any portion thereof, must be immediately affixed with the words "CONFIDENTIAL" if not already containing that designation;

   B. To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, the records and papers must be redacted only to the extent necessary. If the parties seek to seal a document, either in part or in full, they must file a motion to seal that document, together with a redacted copy on the record. The parties shall act in good faith in designating records to be filed, in whole or in part, under seal. If a Court filing contains information, documents, or other materials that were designated "CONFIDENTIAL" by a third party, the party making the filing shall provide notice of the filing to the third party.

4. **CHALLENGES TO CONFIDENTIALITY DESIGNATION.** The designation of any material or document as CONFIDENTIAL is subject to challenge by any party. A party shall not be obligated to challenge the propriety of any Confidentiality designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge thereto. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. The following procedure shall apply to any such challenge.

   A. <u>Meet and Confer</u>. A party challenging the designation of Confidential must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

   B. <u>Judicial Intervention</u>. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the

challenge, all parties shall continue to treat the materials as confidential under the terms of this order. The Court may award the party prevailing on any such motion actual attorney fees and costs attributable to the motion, consistent with F.R.C.P. Rule 37(a)(5).

5. **CONCLUSION OF LITIGATION.** At the conclusion of the litigation, a party may request that all information, documents, or other material not filed with the Court or received into evidence and designated as CONFIDENTIAL under this Order must be returned to the originating party or, if the parties so stipulate, destroyed, unless otherwise provided by law. Notwithstanding the requirements of this paragraph, a party may retain a complete set of all documents filed with the Court, subject to all other restrictions of this Order.

Dated at Milwaukee, Wisconsin, this 6th day of December, 2021.

| | |
|---|---|
| */s/ Patrick N. Ryan* | */s/ Corey J. Swinick* |
| Patrick N. Ryan, State Bar No. 1102188<br>Attorneys for Plaintiff FELIX RAMIREZ<br>**BAUM SIGMAN AUERBACH & NEUMAN, LTD.**<br>200 West Adams Street<br>Suite 2200<br>Chicago, IL 60606<br>Telephone: (312) 216-2573<br>Email: PRyan@baumsigman.com | David J. Hanus, State Bar No. 1027901<br>Corey J. Swinick, State Bar No. 1097530<br>Attorneys for WISCONSIN MASONS WELFARE FUND, and ITS TRUSTEES DAVID BOHL, JASON MATTILA, MATT QUASIUS, DEAN BASTEN, JERRY SHEA, LARRY RASCH, JOHN TOPP, JEFF STAVER, BARRY SCHOLZ, DAVID HAHN, JIM VICK, WYNN JONES, MIKE HYATT, WILLIAM BONLENDER, JEFF LECKWEE, ANDY REED, PATRICK MCCABE, and TOBIN BOYLE<br>**HINSHAW & CULBERTSON LLP**<br>100 E. Wisconsin Avenue<br>Suite 2600<br>Milwaukee, WI 53202<br>Phone No.  414-276-6464<br>Fax No.  414-276-9220<br>E-mail: DHanus@hinshawlaw.com<br>E-mail: CSwinick@hinshawlaw.com |

**IT IS SO ORDERED.**

Date:_____

_____
Honorable Judge James D. Peterson
United States District Court